Reese, J.
delivered the opinion of the court.
Horn, a constable, was indebted to the plaintiff, and to satisfy the claim, gave him a note payable by one Brunson to Horn. This note, for about $85, was transferred to the plaintiff by Horn by deliver only and not by assignment, and the plaintiff handed back the note to Horn, and took his receipt for the collection or return of the same “as an officer.” Horn sold or disposed of the note in some manner for his own benefit. A motion was made before a justice of the peace against him and his sureties by the plaintiff, for a judgment for failing to pay to him the proceeds of said note, and judgment was rendered againstthem in behalf of the plaintiff for about $93.
The sureties brought the case into the circuit court by writ of certiorari, and judgment there was pronounced in their favor, from which the plaintiff has appealed in error to this court. The act of 1801, ch. 7, sec. 5, subjects the constable and his sureties to motion, for failing or refusing to render money on executions put into his hands, within thirty days after the expiration of the stay or twenty days if no stay, &c. By this statute the liability of the constable is limited to the case of money collected or which ought to have been collected, by virtue of an execution in his hands, and the remedy given by motion is confined in point of jurisdiction to a court of record. The act of 1817, ch. 54, sec. 2, enlarges the liability of the constable and his sureties so as to embrace all cases where a constable entrusted with the collection of debts, has received the money thereon, whether before or after the service of a warrant, or before or after the rendition of a judgment, and the remedy by *579 motion is given against him, in as ample a manner as if the money had been collected by execution. But still such remedy was confined to a court of record. No such proceeding as a motion against a constable and his sureties before a justice, was known in point of fact, or recognized in point of law. To exist, it must from its nature, have a positive statutory creation, and no statute had been passed creating it.
In 1823, ch. 21, sec. 1, the jurisdiction is for the first time conferred upon a justice of the peace, to give judgment on motion against a constable and his sureties; but this jurisdiction is in terms, and by the express provisions of the statute limited to a case where money has been or ought to have been collected on an execution, actually in the hands of the officer. And there was much reason for the distinction. For in the one case, there is record evidence of the constable’s liability, in the other, not. But aside from that, it need not be here repeated, that in the construction of statutes creating these limited jurisdictions, and conferring these summary powers, there is no amplifying principle arising from • the equity of the statute or the analogy of cases; but where the letter stops, the act stops. Motions, therefore, before a justice cannot be made against a constable and his sureties for failing to pay over money not collected by virtue of process in his hands. The remedy remains, as the act of 1817, ch. 54, left it, in such a case, with the courts.
It is unnecessary to consider of the other point in this case, that as the note was payable to the constable himself, and he could take out no warrant upon it, so in such case, if he collected without warrant, he would not although signing a receipt, finally be rendered liable by the act of 1817.
This is probably so; but the ground first stated is sufficient to decide the case. We affirm the judgment.